# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

LEMARCUS CLEMONS #125340,     )
                                         )
      **Plaintiff,**               )
                                         )    **NO. 1:24-CV-00055**
**v.**                                    )
                                       )    **JUDGE CAMPBELL**
**BUCKY ROWLAND, *et al*.,**      )    **MAGISTRATE JUDGE HOLMES**
                                       )
      **Defendants.**       )

## MEMORANDUM OPINION AND ORDER

Lemarcus Clemons, an inmate of the Lewis County Jail in Hohenwald, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee.

## I. FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2) and a Prisoner Trust Account Statement. (Doc. 11). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

1

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Lewis County Jail to ensure that the

custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel, (Doc. No. 6).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his Motion to Appoint Counsel, Plaintiff claims that he has no direct access to the law library, being limited to using a kiosk to access legal materials. (Doc. 6 at 24).

Plaintiff's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Moreover, Plaintiff has demonstrated that he is able to prosecute his case by filing a complaint and

3

a motion for the appointment of counsel. At this time, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, the motion will be denied without prejudice to renew at a later time, if appropriate.

## III. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

4

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. <u>ALLEGED FACTS</u>

The alleged constitutional violations happened while Plaintiff was incarcerated at the Maury County Jail located in Columbia, Tennessee.

Plaintiff alleges that the Maury County Jail imposed a ban on inmates receiving print media, radios or televisions, in violation of his First Amendment rights. He appears to suggest that this was done so that inmates could not receive the local news. He further alleges that he was denied contact or in-person visitation while incarcerated at the Maury County Jail, being limited to video visitations.  Plaintiff alleges that inmates at the Maury County Jail were only allowed three hours of recreation a week.

On March 16, 2024, Plaintiff alleges that he was removed from his job at the jail by Defendant C/O Bailey after filing a grievance regarding these issues. Plaintiff alleges that he was discharged from his job in retaliation for filing the grievance.  Plaintiff claims that after being removed from his job, he was transferred from the work pod to another pod in the jail. Plaintiff claims that his new cell had black mold on the walls, faulty toilets, and leaking water on the floors. Plaintiff claims that his transfer from the work pod was also in retaliation for filing the grievance.

5

Plaintiff claims that female trustees at the Maury County Jail are given access to tobacco privileges denied male trustees. He also claims that all of the outside trustees are white. Plaintiff does not identity his racial background in the complaint.

Plaintiff claims he has filed grievances regarding these issues with Defendants Marrissette and Standfill but has not been granted any relief.

D. <u>ANALYSIS</u>

1. <u>The First Amendment claim.</u>

Plaintiff alleges that Defendants violated his First Amendment rights and that of other inmates by denying them access to print media, radio, or television, particularly anything dealing with the local news.

It is well settled that a "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections systems." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). These rights include the right to receive mail, including publications, subject to legitimate penological interests. *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir.1996) (citations omitted). "[R]egulations affecting the sending of a 'publication' ... to a prisoner must be analyzed under the *Turner* [*v. Safley*, 482 U.S. 78 (1987)] reasonableness standard" to determine whether they are reasonably related to legitimate penological interests. *Sheets*, 97 F.3d at 166 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)). The factors to be applied in determining whether the reasonableness standard is met are: whether the governmental objective underlying the regulation is legitimate and neutral and whether the regulation is rationally related to that objective; whether inmates have alternative means of exercising the right; and the impact that accommodation of the asserted right will have on inmates and guards in the prison. *Abbott*, 490 U.S. at 414–18. With regard to publications in

6

the prison context, "neutrality" means "the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id.* at 415 (citing *Procunier*, 416 U.S. 396, 413). Legitimate penological interests include security, order, and rehabilitation. *Procunier*, 416 U.S. at 413.

Plaintiff alleges that Defendants withheld print media, radio, and television from the inmates as a form of censorship. The Court finds that Plaintiff states an actionable First Amendment claim that survives PLRA screening.

` 2. <u>The contact visitation claim.</u>

Plaintiff next alleges that he was denied in-person or contact visitation while incarcerated at the Maury County Jail and was limited to video visitations.

Plaintiff's claim is defeated by "the well-established principle that there is no inherent, absolute constitutional right to contact visits with prisoners." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997), *supplemented*, 133 F.3d 382 (6th Cir. 1998). Plaintiff was not denied visitation by Defendants, in that video visitations were permitted. Plaintiff's claim that he was denied contact visits fails to state a claim for relief and will be dismissed from the complaint.

3. <u>The recreation claim.</u>

Plaintiff claims that Defendants violated his right to recreation by limiting him access to three hours of recreation a week.

The amount of exercise that an inmate is afforded need only conform to the "'minimal civilized measure of life's necessities.'" *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The complete denial of recreational opportunities may, however, violate the Constitution. *See Walker*, 771 F.2d at 927–28. Another judge in this district noted:

> Although the Sixth Circuit has not defined a minimum standard for recreation for adult prisoners, in its opinion in *Rodgers v. Jabe*, 43 F.3d 1082, 1087–1088 (6th Cir. 1995), the Court strongly suggests that five hours a week is the constitutional minimum.

*Vick v. Core Civic*, 329 F. Supp. 3d 426, 452 (M.D. Tenn. 2018)(Crenshaw, J.).

Plaintiff's allegation that he only received three hours of recreation a week might, according to Judge Crenshaw's opinion in *Vick,* be actionable. Accordingly, this claim survives screening.

4. The black mold claim.

Plaintiff appears to raise an independent claim that his constitutional rights were violated by his placement in a cell with black mold, which he claims lead to him getting bumps on his skin and headaches. (Doc. 1 at 7).

"The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care." *Vick v. Core Civic*, 329 F. Supp. 3d at 444 (citing *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119–24 (M.D. Tenn. 1982)). "The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment." *Id.* (citing *Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984)).

When alleging that his safety was endangered due to the conditions of confinement, a prisoner can successfully bring a § 1983 claim by showing that the prison officials acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994).

Plaintiff's Eighth Amendment claim involving his exposure to black mold is viable because he claims injury or harm from the alleged exposure to toxic black mold. *Compare Vick v. Core Civic*, 329 F. Supp. 3d at 452. Plaintiff will be allowed to proceed with this claim.

8

5. <u>The retaliation claim</u>.

The complaint alleges that Defendants removed him from his jail job and transferred him to another pod where he was placed in a cell containing black mold, faulty toilets, and water leaks, both done in retaliation for him filing grievances regarding some or all of the other issues that he raises in his complaint.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id*. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. The plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed. App'x 553, 556 (6th Cir. 2003).

In *Hill v. Lappin*, the Sixth Circuit reversed the district court's dismissal of a First Amendment retaliation claim on initial review, emphasizing that the essential elements of such a claim are not overly difficult to establish, "especially in light of the 'indulgent treatment' that '[c]ourts are instructed to give . . . to the 'inartfully pleaded' allegations of pro se prison litigants." 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Pasley v. Conerly*, 345 F. App'x 981, 986 (6th Cir. 2009)). The Court of Appeals indicated that, where the facts alleged in a prisoner's complaint are sufficient to support these elements, the claim should go forward even if the inmate "fails to

9

explicitly state" that he is making a First Amendment retaliation claim or does not "make an effective argument for that claim in his . . . complaint." *Id*. (citing *Pasley*, 345 F. App'x at 986).

Plaintiff alleges that Defendants terminated him from his job at the jail and moved him into an unsanitary jail cell in retaliation for him filing a grievance regarding issues at the jail. The Court finds that Plaintiff's allegations of retaliation state a viable claim for relief. *See Vick v. Core Civic*, 329 F. Supp. 3d at 456.

   6. <u>The discrimination claims</u>.

Plaintiff also raises several discrimination claims. He first alleges that only female trustees at the Maury County Jail were given tobacco privileges that were denied male trustees. He further claims that only white trustees were allowed to have outside privileges. Plaintiff does not identify his racial background in his complaint. Plaintiff's equal protection and racial discrimination claim is conclusory and unsupported.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F. 3d 716, 726 (6th Cir. 1996). Conclusory and unsupported claims of equal protection, racial discrimination, or religious bias by an inmate fail to state a claim for relief. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008); *Garrison v. Corr*, 26 F. App'x 410, 412 (6th Cir. 2001); *Turnboe v. Gundy*, 25 F. App'x 292, 293 (6th Cir. 2001). Plaintiff's bare allegation that the defendant violated Plaintiff's right to equal protection, without any factual support, is insufficient to state a claim for relief. This claim is dismissed from the complaint.

10

7. <u>The denial of grievances claim.</u>

Plaintiff lastly appears to argue that Defendants wrongly denied his grievances.

Plaintiff is not entitled to relief on his claim that Defendants wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d 567, 576 (6th Cir. 2008)(the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999)(prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under Section 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct). Plaintiff's claim that Defendants wrongly denied his grievances fails to state a claim for relief.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Appoint Counsel (Doc. No. 6) is **DENIED WITHOUT PREJUDICE**.

Further, the Court has screened the complaint pursuant to the PLRA and finds that the complaint states viable First Amendment, denial of recreation, exposure to black mold, and First Amendment retaliation claims under Section 1983 against Defendants in their individual capacities. These claims shall proceed. The visitation, racial and gender discrimination, and denial of grievance claims are dismissed from the complaint.

Consequently, the Clerk is instructed to send Plaintiff service packets (a blank summons and USM 285 form) for all named Defendants. Plaintiff **MUST** complete the service packets and

11

return them to the Clerk's Office within 30 days of the date of entry of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE** to Defendants.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE