IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| LEMARCUS CLEMONS | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00055 |
| | ) |
| BUCKY ROWLAND *et al.* | ) |

TO: Honorable William L. Campbell, Jr., Chief United States District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered February 3, 2025 (Docket Entry No. 13).

Lemarcus Clemons ("Plaintiff") filed this lawsuit while confined in the Maury County Jail ("Jail") in Columbia, Tennessee. *See* Complaint (Docket Entry No. 1). He seeks relief under 42 U.S.C. §1983 based on allegations that his constitutional rights were violated at the Jail. Upon initial review of the complaint, the Court found that Plaintiff stated arguable constitutional claims against four staff at the Jail. *See* Docket Entry No. 13 at 11. Prior to the Court's initial review, Plaintiff filed a change of address notice indicating that he had been transferred to the Lewis County Jail in Hohenwald, Tennessee. (Docket Entry No. 12.)

As directed by the Court, the Clerk sent to Plaintiff blank service packets for Defendants, which Plaintiff was to complete and return to the Clerk within 30 days of the February 3, 2025, Order, so that process could be issued to Defendants. The docket reflects that the blank service packets and copy of the February 3, 2025, Order that were mailed to Plaintiff at the Lewis County Jail were returned undelivered with a notation that Plaintiff had been transferred to the

Maury County Jail. (Docket Entry Nos. 14 and 15.) Although Plaintiff had not filed a new change of address notice, the blank service packets and copy of the Order were then sent to Plaintiff at the Maury County Jail but they were returned undeliverable with a notion "return to sender, unable to forward." (Docket Entry No. 16.) The Court has no alternative address for Plaintiff, and the docket reflects that he had not had any contact with the Court since filing the change of address notice in September 2024. (Docket Entry No. 12.)

It is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to provide a new mailing address and to stay engaged in his lawsuit upon his release from the Maury County Jail indicate that he has lost interest in the lawsuit. The case cannot proceed with an absent plaintiff.

R E C O M E N D A T I O N[1]

For the reasons set out above, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDIC**E pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge